UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| BRIGITTE S. HILL,           )<br>      Plaintiff,           )<br>                               )<br>     v.                          )<br>                               )<br>ANDREW SAUL, Commissioner of the  )<br>Social Security Administration,     )<br>      Defendant.           ) | CAUSE NO.: 2:19-CV-249-JEM |

**OPINION AND ORDER**

This matter is before the Court on a Complaint [DE 1], filed by Plaintiff Brigitte S. Hill on July 11, 2019, and Plaintiff's Brief in Support of Reversing the Decision of the Commissioner of Social Security [DE 17], filed January 13, 2020. Plaintiff requests that the decision of the Administrative Law Judge be reversed and remanded for further proceedings. On April 23, 2020, the Commissioner filed a response, and on May 7, 2020, Plaintiff filed a reply.

**I.     Background**

On October 1, 2015, Plaintiff filed an application for benefits alleging that she became disabled on September 1, 2012. Plaintiff's application was denied initially and upon reconsideration. On May 25, 2018, Administrative Law Judge ("ALJ") Robert Long held a hearing, at which Plaintiff, with an attorney, and a vocational expert ("VE") testified. On July 26, 2018, the ALJ issued a decision finding that Plaintiff was not disabled. The Appeals Council denied Plaintiff's request for review, leaving the ALJ's decision the final decision of the Commissioner.

The ALJ made the following findings under the required five-step analysis:

1.   The claimant meets the insured status requirements of the Social Security Act through December 31, 2019.

2. The claimant has not engaged in substantial gainful activity since September 1, 2012, the alleged onset date.

3. The claimant has the following severe impairments: obesity, residuals of cerebral palsy, left eye amblyopia, bilateral myopic dry macular degeneration, and age-related cataracts.

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one the listed impairments in 20 CFR 404, Subpart P, Appendix 1.

5. The claimant has the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b) except that she can never climb ladders, ropes, scaffolds, ramps, or stairs; and occasionally balance, stoop, kneel, crouch, and crawl. The claimant can perform jobs that do not require precise depth perception, such as threading a needle. The claimant can never work around hazards such as unprotected heights or dangerous moving machinery the claimant can avoid ordinary workplace hazards. The claimant can tolerate occasional exposure to wetness and vibration. The claimant cannot read fine print but can operate a computer that permits the user to easily enlarge text. The claimant has monocular vision, which eliminates peripheral vision on the blindside. The claimant cannot work on rough, uneven, or slippery surfaces.

6. The claimant is capable of performing past relevant work as a tax advisor. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity.

7. The claimant has not been under a disability, as defined in the Social Security Act, from September 1, 2012, through the date of the ALJ's decision.

The Appeals Council denied Plaintiff's request for review, leaving the ALJ's decision the final decision of the Commissioner.

The parties filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c) and 42 U.S.C. § 405(g).

## II.     Standard of Review

The Social Security Act authorizes judicial review of the final decision of the agency and indicates that the Commissioner's factual findings must be accepted as conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Thus, a court reviewing the findings of an ALJ will reverse only if the findings are not supported by substantial evidence or if the ALJ has applied an erroneous legal standard. *See Briscoe v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Substantial evidence consists of "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Schmidt v. Barnhart*, 395 F.3d 737, 744 (7th Cir. 2005) (quoting *Gudgel v. Barnhart*, 345 F.3d 467, 470 (7th Cir. 2003)).

A court reviews the entire administrative record but does not reconsider facts, re-weigh the evidence, resolve conflicts in evidence, decide questions of credibility, or substitute its judgment for that of the ALJ. *See Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005); *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Butera v. Apfel*, 173 F.3d 1049, 1055 (7th Cir. 1999). Thus, the question upon judicial review of an ALJ's finding that a claimant is not disabled within the meaning of the Social Security Act is not whether the claimant is, in fact, disabled, but whether the ALJ "uses the correct legal standards and the decision is supported by substantial evidence." *Roddy v. Astrue,* 705 F.3d 631, 636 (7th Cir. 2013) (citing *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 618 (7th Cir. 2010); *Prochaska v. Barnhart*, 454 F.3d 731, 734-35 (7th Cir. 2006); *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004)). "[I]f the Commissioner commits an error of law," the Court may reverse the decision "without regard to the volume of evidence in support of the factual findings." *White v. Apfel*, 167 F.3d 369, 373 (7th Cir. 1999) (citing *Binion v. Chater*, 108 F.3d 780, 782 (7th Cir. 1997)).

At a minimum, an ALJ must articulate their analysis of the evidence in order to allow the

reviewing court to trace the path of her reasoning and to be assured that the ALJ considered the important evidence. *See Scott v. Barnhart*, 297 F.3d 589, 595 (7th Cir. 2002); *Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir. 1995). An ALJ must "'build an accurate and logical bridge from the evidence to [the] conclusion' so that, as a reviewing court, we may assess the validity of the agency's final decision and afford [a claimant] meaningful review." *Giles v. Astrue*, 483 F.3d 483, 487 (7th Cir. 2007) (quoting *Scott*, 297 F.3d at 595); *see also O'Connor-Spinner*, 627 F.3d at 618 ("An ALJ need not specifically address every piece of evidence, but must provide a 'logical bridge' between the evidence and his conclusions."); *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001) ("[T]he ALJ's analysis must provide some glimpse into the reasoning behind [the] decision to deny benefits.").

### III.  Analysis

Plaintiff argues that the ALJ did not properly evaluate her mental limitations in determining her RFC, did not properly assess whether she was capable of performing her past relevant work, and did not properly evaluate her alleged limitations. The Commissioner argues that Plaintiff has failed to show that remand is warranted.

Plaintiff argues that the ALJ erred in the assessment of her RFC, because it does not include any evaluation of how her mental limitations affected her ability to maintain competitive work, despite finding that Plaintiff has mild limitation in understanding, remembering, or applying information, mild limitation in interacting with others, mild limitations in concentration, persistence, and maintaining pace, and mild limitations in adapting or managing herself. The regulations provide: "We will consider all of your medically determinable impairments of which we are aware, including your medically determinable impairments that are not 'severe,' . . . when we assess your residual functional capacity." 20 C.F.R. §§ 404.1545(a)(2), 416.945(a)(2).

4

In this case, the ALJ did not include any mental or social limitations in the RFC. In explaining how he arrived at the RFC, which does not include any limitations regarding the non-physical aspects of Plaintiff's ability to work, the ALJ only described the evidence of Plaintiff's physical impairments and treatments, without mention of her mental health difficulties. He stated that "the record never demonstrates more than a moderate [psychological] impairment with only mild functional limitations." However, the ALJ is required to considered what effect even mild limitations might have on Plaintiff's ability to work, both alone and in combination with her physical impairments. *See, e.g.*, *Cheryl C. v. Berryhill*, No. 18 C 1443, 2019 WL 339514, at *4 (N.D. Ill. Jan. 28, 2019) (remanding for consideration of mild limitations in activities of daily living, social functioning, and concentration, persistence, or pace); *President v Berryhill*, N. 17 C 4910, 2018 WL 4282053, at *3 (N.D. Ill. Sept. 7, 2018) (requiring that a mild limitation in an area of mental functioning be analyzed in light of the claimant's other impairments when determining the RFC); *Martinez v. Astrue*, 630 F.3d 693, 698 (7th Cir. 2011) ("Even if each problem assessed separately were less serious than the evidence indicates, the combination of them might be disabling."); *Terry v. Astrue*, 580 F.3d 471, 477 (7th Cir. 2009) ("[W]e have frequently reminded the agency that an ALJ must consider the combined effects of all of the claimant's impairments, even those that would not be considered severe in isolation.").

Plaintiff argues that this failure is particularly harmful in her case because she was found to be able to perform her past work, despite the fact that her job as a tax advisor required a high degree of precision and focus. The ALJ found that she would be able to perform that job, based in part on the VE's testimony, but the VE was not made aware of Plaintiff's mental impairments, and none of the hypothetical questions from the ALJ encompassed any limitations on concentration, persistence, pace, interaction with others, or with understanding, remembering, or applying

5

information. "When an ALJ poses a hypothetical question to a vocational expert, the question must include all limitations supported by medical evidence in the record." *Stewart v. Astrue*, 561 F.3d 679, 684 (7th Cir. 2009); *see also Yurt v. Colvin*, 758 F.3d 850, 857 (7th Cir. 2014); *Indoranto v. Barnhart*, 374 F.3d 470, 474 (7th Cir. 2004). In particular, "the question must account for documented limitations of 'concentration, persistence or pace.'" *Stewart*, 561 F.3d at 684 (citing cases). "Although it is not necessary that the ALJ use the precise terminology of 'concentration,' 'persistence,' or 'pace,' [courts] will not assume that a VE is apprised of such limitations unless he or she has independently reviewed the medical record." *Varga v. Colvin*, 794 F.3d 809, 814 (7th Cir. 2015). A hypothetical that does not include these terms may still be sufficient if it is "manifest that the ALJ's alternative phrasing specifically excluded those tasks that someone with the claimant's limitations would be unable to perform." *O'Connor-Spinner*, 627 F.3d at 619. The VE did not independently review the medical record, and nothing in the ALJ's hypothetical questions included any mention of difficulty concentrating, understanding and applying information, or any other related limitations.

In addition, Plaintiff argues that neither the ALJ nor the VE compared the specific demands of Plaintiff's past work to her RFC in finding that she was capable of performing her past work as a tax advisor. She argues that the error is particularly concerning since if Plaintiff could not perform past relevant work, she would have been considered disabled as of her 55th birthday. *See* 20 C.F.R. 404, Subpart P, Appendix 2, Rule 202.06.

At step four of the sequential analysis, if the claimant can still do her past relevant work in light of her RFC, the ALJ will find the claimant not disabled. *See* 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). In making the step four finding, the ALJ may rely on the testimony of a vocational expert regarding "the physical and mental demands of a claimant's past relevant work,

6

either as the claimant actually performed it or as generally performed in the national economy." 20 C.F.R. §§ 404.1560(b), 416.920(b). The "vocational expert or specialist may offer expert opinion testimony in response to a hypothetical question about whether a person with the physical and mental limitations imposed by the claimant's medical impairment(s) can meet the demands of the claimant's previous work, either as the claimant actually performed it or as generally performed in the national economy." 20 C.F.R. §§ 404.1560(b), 416.920(b). The Seventh Circuit Court of Appeals has held that "an ALJ cannot describe a claimant's job in a generic way – [such as] 'sedentary – and conclude, on the basis of the claimant's residual capacity, that she can return to her previous work." *Nolen v. Sullivan*, 939 F.2d 516, 518-19 (7th Cir. 1991) (citing *Strittmatter v. Schweiker*, 729 F.2d 507 (7th Cir. 1984)). Rather, "the ALJ must list the specific physical requirements of the previous job and assess, in light of the available evidence, the claimant's ability to perform these tasks." *Id*. (citing *Strittmatter*, 729 F.2d at 509; SSR 82-62 (1982)).

The ALJ relied on the VE's testimony that his statements about the job were mostly consistent with the DOT, "with the exception of jobs that allow for enlarged text and monocular vision," and stated that he accepted the testimony of the VE and his testimony "that his knowledge of jobs that allow for such limitations was based on his years of experience." If using a VE, an ALJ has an "affirmative responsibility" to ask whether a vocational expert's testimony conflicts with the DOT and to elicit a "reasonable explanation" for any conflict. SSR 00-4p, 2000 WL 1898704, at *4 (Dec. 4, 2000); *Overman v. Astrue*, 546 F.3d 456, 462-63 (7th Cir. 2008); *Prochaska*, 454 F.3d at 735. If the VE responds that a conflict exists or if a conflict is apparent, an ALJ may rely on the VE's testimony as substantial evidence to support a determination of non-disability only if he resolves the conflict in favor of the VE's testimony and explains why. SSR 00-4p, 2000 WL 1898704, at *4; *Overman*, 546 F.3d at 463.

In his analysis, the ALJ did not go through each element of Plaintiff's past relevant work, characterizing it as "typically performed at the semiskilled, sedentary level," and stated that he accepted the testimony of the VE, despite the testimony that the DOT does not address whether the job can be done entirely on a screen with the ability to zoom. The ALJ found that Plaintiff was restricted to reading on a computer that permits enlargement of text, but the DOT description of a tax advisor includes review of paper documents. *See* DOT Job No. 219.362-070, 1991 WL 671965. The VE testified that issues of enlarged text, monocular vision, and lack of peripheral vision are not addressed by the DOT, but that he believed in his experience that past work could be done "given that all focus could be in front of the individual." He did not testify that all work as a tax preparer could be done on a computer with the ability to enlarge text, and neither the VE nor the ALJ addressed whether someone could keep a job if they had difficulties with the computer enlargement or had to take frequent breaks when reading, as Plaintiff testified. Particularly given the other errors in the RFC described above, remand is required to address whether Plaintiff is capable of performing all of the functions of her past work. *See Rainey v. Berryhill*, 731 F. App'x 519, 524 (7th Cir. 2018) ("Further, the ALJ failed to do a function-by-function analysis of Rainey's past relevant work. Such an analysis would have revealed that Rainey lacked both the requisite keyboarding skills and walking ability to perform the switchboard job."); *Smith v. Barnhart*, 388 F.3d 251, 252 (7th Cir. 2004) ("The administrative law judge's error, which requires us to remand the case to the Social Security Administration, lay in equating Smith's past relevant work to sedentary work in general. He should have considered not whether she could perform some type of sedentary work but whether she could perform the duties of the specific jobs that she had held."). On remand, the ALJ is directed to thoroughly question the VE about available work and assess her ability to perform specific necessary tasks. *See, e.g., Cohen v. Astrue*, 258 F. App'x 20, 28 (7th

8

Cir. 2007) ("[A]n ALJ cannot describe a previous job in a generic way, e.g., "sedentary," and on that basis conclude that the claimant is fit to perform all sedentary jobs without inquiring into any differences in what the job requires while sitting."); *Smith*, 388 F.3d at 253 ("The issue is not whether the applicant for benefits can return to the precise job he held, which is hardly likely to have been kept open for him, but whether he can return to a 'job' he held that exists at other employers. However, the job must not be described so broadly as to encompass a range of physical and mental abilities some of which the applicant may not have; and that is the case if the job is described merely as 'sedentary work.'").

Plaintiff also argues that the ALJ failed to adequately evaluate her subjective allegations. An ALJ's "decision must contain specific reasons for the weight given to the individual's symptoms, be consistent with and supported by the evidence, and be clearly articulated so the individual and any subsequent reviewer can assess how the [ALJ] evaluated the individual's symptoms." SSR 16-3p, 2017 WL 5180304, at *9 (Oct. 25, 2017). Plaintiff argues that the ALJ did not address her difficulties with pace and need to rest due to headaches and fatigue or explain why her testimony about them is not supported by the record. The ALJ summarized Plaintiff's statements regarding her daily activities but did not analyze how those activities relate to her claimed impairments and did not mention her headaches or her reports of needing to rest or lie down during even her relatively limited activities. On remand, the ALJ needs to "evaluate whether [Plaintiff's allegations] are consistent with objective medical evidence and the other evidence," and "explain" which symptoms are found to be consistent or inconsistent with the evidence. SSR 16-3p, 2017 WL 5180304 at *6, *8; *see also Zurawski*, 245 F.3d at 887 (remanding where the ALJ failed to "explain[] the inconsistencies" between a claimant's activities of daily living, his complaints of pain, and the medical evidence) (citing *Clifford*, 227 F.3d at 870-72).

9

The ALJ "must provide a 'logical bridge' between the evidence and his conclusions," *O'Connor-Spinner*, 627 F.3d at 618. In this case, there is no logical bridge between Plaintiff's limitations in concentration, persistence, pace, memory, and ability to understand and apply information and the conclusion that her only job-related limitations have to do with her physical abilities, or between Plaintiff's limitations in sight and the conclusion that she is capable of performing all of the aspects of her past relevant work. On remand, the ALJ is directed to thoroughly explain how Plaintiff's claimed limitations are either incorporated into the RFC or found to be unsupported, including analysis of up-to-date opinions by medical professionals and a description of how he accounted for Plaintiff's multiple impairments, both physical and mental, including the combination of impairments, and is reminded of the requirement that he consider Plaintiff's allegations of pain and limitations and "evaluate whether [Plaintiff's] statements are consistent with objective medical evidence and the other evidence" and "explain" which symptoms were found to be "consistent or inconsistent with the evidence." SSR 16-3p, 2017 WL 5180304 at *6, *8; *see also Ghiselli v. Colvin,* 837 F.3d 771, 777 (7th Cir. 2016) ("[T]he absence of objective medical corroboration for a complainant's subjective accounts of pain does not permit an ALJ to disregard those accounts."); *Moore v. Colvin*, 743 F.3d 1118, 1125 (7th Cir. 2014) ("[T]he ALJ erred in rejecting [the plaintiff]'s testimony on the basis that it cannot be objectively verified with any reasonable degree of certainty. An ALJ must consider subjective complaints of pain if a claimant has established a medically determined impairment that could reasonably be expected to produce the pain."); *Myles v. Astrue*, 582 F.3d 672, 678 (7th Cir. 2009) ("On remand, the ALJ should consider all of the evidence in the record, and, if necessary, give the parties the opportunity to expand the record so that she may build a 'logical bridge' between the evidence and his conclusion.").

**IV.     Conclusion**

For the foregoing reasons, the Court **GRANTS** the relief requested in Plaintiff's Brief in Support of Reversing the Decision of the Commissioner of Social Security [DE 17] and **REMANDS** this matter for further proceedings consistent with this Opinion.

SO ORDERED this 28th day of August, 2020.

s/ John E. Martin\
MAGISTRATE JUDGE JOHN E. MARTIN\
UNITED STATES DISTRICT COURT

cc:     All counsel of record